# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY HINDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1489-HE |
| | ) | |
| C.O. BISHOP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights when he was imprisoned at the Northeast Oklahoma Correctional Facility (NOCC). The matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the action be transferred to the United States District Court for the Northern District of Oklahoma.

## DISCUSSION

The Court is obligated to review complaints filed by prisoners who seek redress from governmental entities or officers or employees of a governmental entity. 28 U.S.C. § 1915A(a). As part of this obligation, the Court may consider whether venue is proper sua sponte "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted); *see also Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010) (unpublished) (holding that a district court may consider venue on a § 1915 screening); *Johnson v. Christopher*, 233 F. App'x 852, 853-54 (10th Cir. 2007) (unpublished) (acknowledging district court has discretion to dismiss or transfer for improper venue).

Venue is proper in a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Plaintiff alleges wrongdoing occurring while he was incarcerated at NOCC. Compl. 3-4 [Doc. No. 1].[1] The defendants in this action are prison officials at NOCC located in Vinita, Oklahoma. *Id.* at 1-3. Furthermore, Plaintiff asserts that each of the defendants are citizens of Vinita, Oklahoma. *Id.* The Court takes judicial notice of the fact that Vinita, Oklahoma is located in Craig County, Oklahoma—a county which is within the territorial confines of the United States District Court for the Northern District of Oklahoma. *See* 28 U.S.C. § 116(a). As such, even though Plaintiff is presently confined in a facility within this judicial district,[2] because both the alleged actions giving rise to the claim occurred and the defendants reside outside of this district, venue is not proper in this Court.

Although the matter is subject to dismissal, a district court may cure a defect in venue by transferring the case to "any district or division in which it could have been brought" if transfer is "in the interest of justice." 28 U.S.C. § 1406(a). It is recommended that this Court exercise its discretion and transfer this case to the United States District Court for the Northern District of Oklahoma.

---

[1] Page references are to the CM/ECF page number.

[2] Plaintiff is confined at the Cimarron Correctional Facility, Compl. 1, which is located in Payne County, Oklahoma.

## RECOMMENDATION

It is recommended that this action, with all pleadings filed in this Court, be transferred to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1406(a).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by January 26, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the Chief District Judge in this matter.

ENTERED this 5th day of January, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE